## James A. Richardson *vs.* Abner P. Welcome.

It is a sufficient ground for dismissing an action pending in the court of common pleas, on an appeal from a justice of the peace, that the justice had an interest in the suit, and instigated the prosecution of the same; although the motion to dismiss is not made until the case is opened to the jury, and the ground of the motion was known to the defendant and his attorney four days before.

This was an action of assumpsit originally commenced and tried before Samuel Wilbur, a justice of the peace for this county, and on appeal tried before *Hoar*, J., in the court of common pleas. In the latter court, at the second term, after the case had been called for trial, and the plaintiff had commenced reading his writ, the defendant stated, that he had a motion to submit to the court to dismiss the action; and he thereupon filed his motion, but not by leave of court, while the plaintiff was reading the writ.

The defendant alleged as the ground of the motion, that the justice, before whom the action was tried, and from whose judgment the appeal was taken, had an interest in the suit, and instigated the prosecution of the same, and agreed with the plaintiff, that he would tax the plaintiff nothing for his services in the matter, unless he should find in the plaintiff's favor; and that the justice did make a decision in the plaintiff's favor, and subsequently presented a claim of $10 against the plaintiff, for his services in that suit.

On this motion being filed, the presiding judge directed the trial to proceed, and reserved the motion to be considered afterwards. The trial proceeded accordingly, and the jury returned a verdict for the plaintiff; whereupon, the defendant moved that judgment be arrested and the action dismissed, for the reason already stated.

Evidence was introduced by the defendant, which satisfied the judge, that the facts set forth in the motion were true. But, as it appeared also, that these facts were known to the defendant and his attorney four days before the trial, the judge refused to dismiss the action, on the ground, that the defendant, by delaying to make his motion, until after the case had been opened, had thereby waived his objection.

The defendant excepted.

*T. G. Coffin*, for the defendant.

*H. G. O. Colby*, for the plaintiff, cited *Simonds* v. *Parker*, 1 Met. 508; *Parkman* v. *Crosby*, 16 Pick. 297; *Carpenter* v. *Aldrich*, 3 Met. 58; Minot's Digest, 11; *Fox* v. *Hazelton*, 10 Pick. 275.

METCALF, J.   The facts, alleged in the defendant's motion to dismiss this action, were proved to the satisfaction of the judge before whom the trial was had in the court of common pleas, upon appeal; and he declined to grant the motion, on the ground that it was not seasonably made, and that the defendant, by his delay, had waived the objection to the magistrate's competency.   But we are of opinion that the motion ought to have been heard, as soon as it was made, and the action dismissed, as soon as the allegations in the motion were proved.

By the Rev. Sts. *c.* 85, § 34, no justice of the peace shall " try any civil action, commenced by himself, or by his order or direction; and every civil action, so commenced, shall be dismissed, with costs for the defendant."   And by the common law, " one cannot be judge and attorney for any of the parties." 8 Co. 118 *a.*   In *Wright* v. *Crump*, 2 Ld. Raym. 766, and 7 Mod. 1, Holt, C. J., states the case of the mayor of Hereford, who claimed title to a house in Hereford, where a court was held before himself only.   In order to recover the house, he made a lease of it to A., that A. might bring ejectment before him.   A. did so, and the mayor, says lord Holt, " in effect, was judge in his own cause, and he gave judgment for his own lessee; and upon complaint in this matter, in the king's bench, the court granted an attachment and committed the mayor for these proceedings."

The defendant's knowledge of the facts alleged in his motion, four days before the trial in the common pleas, and his omission to make the motion until the case was called on for trial and the writ read to the jury, seem to us wholly insufficient to constitute a waiver of his objection to the gross misconduct of the magistrate.   Matters of form, which do not affect the merits of the controversy, nor the regular and fair

administration of justice, are held to be waived, if not excepted to at an early stage of the cause. And a party who consents to submit his cause to the decision of a referee whom he knows to be interested or partial, cannot object to the referee's decision, on the ground of his interest or partiality. But the present defendant did not choose his own judge. Nor is the matter of his motion matter of form only. It affects the administration of justice; and the motion is in the nature of an exception to the magistrate's jurisdiction. Such exception may be taken in any stage of a cause. *Action dismissed, with costs.*