THOMAS JORDAN *vs.* WILLIAM HENRY & others.

October 13, 1875.

**Justice of Peace Cannot Issue Search Warrant for his own Property.**— A search warrant issued by a justice of the peace, commanding search to be made for certain property of such justice, alleged to have been stolen, is void, and the fact that the property to be searched for is the property of the justice appearing upon the face of the warrant, the warrant furnishes no protection to the constable who executes the same.

Appeal by defendants from a judgment of the district court for Scott county, where the action was tried before *Chatfield*, J., and a jury.

*Henry Hinds*, for appellants.

*R. A. Irwin*, for respondent.

BERRY, J. This is an action for a malicious breaking and entering of plaintiff's dwelling-house, with circumstances of aggravation. Defendants answer jointly, and their defence is that defendant, Sly, made complaint to defendant, Henry, (a justice of the peace,) that certain books belonging to said Henry had been stolen, and that he believed that the same were concealed in plaintiff's dwelling-house, and prayed for a search warrant; that thereupon a warrant was

issued by said Henry, as such justice, and delivered to defendant, Sisterman, (a constable,) who, calling Sly to his assistance, searched the plaintiff's dwelling-house as commanded in the warrant, and in so doing occasioned no unnecessary inconvenience to plaintiff.

It appeared upon the face of the warrant, as well as upon the complaint upon which the same was issued, that the books alleged to have been stolen, and for which search was directed to be made, were the property of the defendant, Henry, the justice by whom the warrant was issued. Section 4, ch. 102, Gen. St., provides that "when any officer, in the execution of a search warrant, finds any stolen or embezzled property, * * * all the property and things so seized shall be safely kept, by the direction of the court or magistrate, so long as is necessary for the purpose of being produced as evidence on any trial, and as soon as may be afterward all such stolen and embezzled property shall be returned to the owner thereof." In view of this provision of statute, defendant, Henry, was interested in the proceedings in which the warrant was issued in like manner as he would have been in an action of claim and delivery instituted by him to recover the books charged to have been stolen. He was, therefore, wholly disqualified to issue the warrant, because, independent of general considerations of propriety and decency, Gen. St. ch. 64, § 4, declares that no judge of any of the courts of record of this state shall sit in any cause in which he is interested directly or indirectly, or in which he would be excluded from sitting as a juror; and by Gen. St. ch. 65, § 4, this provision is made applicable to justices of the peace, as being a law of a general nature, and not inconsistent with the justice's act. The warrant was, therefore, void, ( *Oakley* v. *Aspinwall*, 3 N. Y. 547,) and as the disqualification of the justice appeared upon its face, it furnished no justification to the constable, or to defendant, Sly, who acted with him.

Judgment affirmed.