## A. E. GIDDINGS AND F. H. GIDDINGS v. THE IOWA SAVINGS BANK OF RUTHVEN, Appellant.

**Duress.** A threat to imprison one for an offense of which he is in fact innocent, is as to him a threat of unlawful imprisonment and will constitute duress, although the one making it had reasonable ground to believe that such person was guilty as charged.

**Action: JOINT RIGHTS.** A husband intending to join with his wife in the execution of a mortgage on her separate property, who signs the instrument freely, while her signature is obtained by compulsion exerted by others, may properly join with her in the claim, when she sets up the invalidity of the instrument as against her, since it is not the instrument he intended to execute.

**HUSBAND AND WIFE.** A mortgage given upon a homestead and signed by the wife is executed under duress, where her fear or affections

are worked upon through threats made against her husband and she is induced thereby against her will to convey her property to secure his debt, although the liability was valid and the threat was of a lawful prosecution of a crime which he had in fact committed. Citing *Beindoif v. Cohegan* (Neb ) 60 N. W Rep. 101; *Meech v. Lee* (Mich.) 46 N. W. Rep. 333.

INSTRUCTIONS. In an action by a husband and wife to secure possession of a promissory note and the mortgage securing it, on the ground that the wife executed the instrument upon her homestead under duress to secure the debt of her husband by reason of the threats of a creditor that he would otherwise institute a prosecution against the husband for an alleged crime, the jury should take into consideration whether the crime had in fact been committed as charged and whether the debt was a valid existing obligation against the husband, and it is error to charge that such matters are immaterial, for, among other things, they bear on the question whether there was coercion.

**Evidence:** COMMUNICATIONS BETWEEN HUSBAND AND WIFE. Where defendant demanded of a husband a mortgage on his wife's homestead, which was in his wife's name, claiming that he was a defaulter, and threatening criminal prosecution unless he gave the mortgage, evidence of the conversation between husband and wife, when he told her of such interview. was admissible, in an action by them for possession of the mortgage, on the ground of duress, and admission of such evidence did not contravene Code 1873, section 3642, forbidding husband and wife divulging confidential communications made by one to the other.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

THURSDAY, FEBRUARY 10, 1898.

ACTION to recover possession of a promissory note and the mortgage securing it. There was a trial by jury. Verdict and judgment for plaintiffs. Defendant appeals.—*Reversed.*

*Soper, Allen & Morling* and *George E. Clarke* for appellant.

*Carr & Parker* and *B. E. Kelly* for appellees

WATERMAN, J.—I.   The record before us discloses these facts: The plaintiffs are husband and wife.   F. H. Giddings, the husband, was for some years the cashier of defendant bank, which is located at Ruthven, in this state.   During the time he occupied this position he made loans of the bank's funds to himself, and to the firm of Calkins & Giddings, of which he was a member, and also to F. W. Calkins, the senior member of said firm.   Some of the loans were without security, and in other cases the security was insufficient.   Early in January, 1894, Giddings resigned as cashier, and the president of the bank, with two of the directors, undertook to look over the accounts and make a settlement with him.   It is claimed by plaintiff that said bank officers, finding the loans mentioned standing as an existing indebtedness to the bank, wrongfully insisted that he was a defaulter or embezzler, and that he had violated a criminal statute of the state; that they threatened him with criminal prosecution, and put him in fear, and that like threats were made to his wife, and that by such duress the plaintiffs were coerced into giving the promissory note in question, and also the mortgage securing it, which covers plaintiff's homestead in Ruthven, title to which is in the wife.   Some months thereafter, to correct a misdescription of the real estate in the mortgage, plaintiffs gave another mortgage, in which the homestead was correctly described.   This action was begun January 21, 1896, to recover possession of the note and mortgage, on the ground that they were obtained by duress.   We are not attempting in what we say to set out the facts, further than to give an outline of plaintiff's case, sufficient to an understanding of our rulings on certain legal propositions presented for determination.   The errors assigned by appellant are numerous, but we shall

endeavor in what we say to give consideration to all such as are material.

II. The wife was not present at the interview between the bank officers and Giddings, when the alleged threats were made, but plaintiffs claim that she was told by him what had occurred when he came home in the evening. Both husband and wife were permitted, over defendant's objection, to testify to what was said by the husband to the wife on this occasion. The bank officers, in the interview with Giddings, were demanding a mortgage on his homestead. They knew that this instrument must be signed by the wife. If they unlawfully threatened Giddings in order to procure the mortgage and note, they must have known that to comply with their demands he would be compelled to disclose the facts to his wife. In principle, it is the same as though defendant's officers had requested Giddings to inform his wife of their desire and purpose. The evidence, we think, was rightfully admitted. *Schultz v. Catlin,* 78 Wis. 611 (47 N. W. Rep. 946); *Taylor v. Jaques,* 106 Mass. 291. The gist of this testimony was simply that the husband told his wife what had been said to him by defendant's officers. Its admission did not contravene section 3642, Code 1873, which forbids husband or wife divulging confidential communications made by one to the other.

III. It is contended by appellant that a claim of duress cannot properly be predicated upon a threat of lawful prosecution or imprisonment; that, if Giddings was in fact guilty of the crime charged, a threat by defendant to prosecute him therefor, unless he secured the bank against loss, would not amount to duress. This states the rule very broadly, but we may, for present purposes, concede it to be true as to Giddings. The instructions of the trial court recognize this rule. But we think a different doctrine prevails in case of the wife. Where the fears or affection of a wife are worked upon through threats made against

her husband, and she is induced thereby against her will, to convey her property to secure his debt, there is duress as to her, even though the debt was valid, and the threat was of lawful prosecution for a crime that had in fact been committed by the husband. *Gohegan v. Leach,* 24 Iowa, 509; *Beindorff v. Kaufman,* 41 Neb. 824 (60 N. W. Rep. 101); *Meech v. Lee,* 87 Mich. 274 (46 N. W. Rep. 383), and cases cited. Appellant insists that the case of *Green v. Scranage,* 19 Iowa, 461, lays down a different rule; but we think not. Speaking upon the matter, the court says in that case: "On the other hand, if the wife was induced to execute the mortgage from fear excited by threats made to her, by the plaintiffs, of an illegal criminal prosecution against her husband, the instrument thus obtained would not be binding upon her. * * * But if the debt were just, and the criminal accusation was well founded, or, upon reasonable grounds, believed to be so by the plaintiffs, *and the wife freely, upon her own deliberate conviction of what was best, and without undue influence exercised by the plaintiffs, executed the security, it would be valid,*" etc. We have italicized the qualification in this opinion which we deem important. At a glance, it will appear that what is there said begs the question at issue here, for it is assumed that the act of the wife was voluntary and deliberate. Another claim made by appellant is, in substance, that, if Giddings was not, in fact, guilty of a crime, the threats of prosecution or imprisonment would not amount to duress, if defendant's officers at the time had reasonable ground to believe that he was so guilty. We think this contention is based upon a casual remark in the passage just quoted from *Green v. Scranage, supra.* No such issue was involved in that case. We are not inclined to sanction any such rule. Whatever may have been the belief of the bank officials, a threat to imprison Giddings for

an offense of which he was in fact innocent would be, as to him, a threat of unlawful imprisonment.

IV. The trial court, in its instructions, told the jury, in effect, that, if the note was voluntarily signed by the husband, it could not be recovered in this action, although the wife's signature thereto was procured by duress, but that a different rule obtained in case of the mortgage, and that it might be recovered if signed under coercion by the wife, though voluntarily executed by the husband. Defendant's contention is that, this being a joint action, a recovery can be had only on a showing of joint right in both plaintiffs. That, generally, is the correct rule; but, in this case, if the husband, intending to join his wife in the execution of a mortgage on her separate property, signed the instrument freely, while her signature was obtained by compulsion, exerted by others, then, when she sets up the invalidity of the instrument, as against her, he may properly join with her in the claim, for it is not the instrument he intended to execute.

V. Exception is taken to the eleventh instruction, which is as follows: "And, in determining whether the mortgage was executed by Mrs. Giddings under duress, it is wholly immaterial whether or not F. H. Giddings had, in fact, committed the crime of embezzlement, and it is wholly immaterial whether or not the several claims secured by said mortgage were valid existing obligations of the plaintiff F. H. Giddings." And in the fourteenth instruction this thought is repeated in a more extended form, for the jury is there told that they need not consider these matters in determining whether either Giddings or his wife executed the mortgage under duress. These instructions are clearly erroneous. It is impossible to see how the jury could fairly pass upon the rights of the parties without having in mind all of the facts and circumstances of the transaction. It is true that, if there

was, in fact, duress of the wife, it is immaterial whether her husband owed the debt or was guilty of the charged crime. *Beindorff v. Kaufman, supra.* But these are important matters, to be considered in determining whether there was any coercion. The defendant's theory was that Giddings had unlawfully made the loans in question, and that he was liable, both civilly and criminally, therefor, and that, because he was so liable, he and his wife voluntarily executed the note and mortgage in question. It was its right to have the jury consider these matters in determining how it came that said instruments were executed. For the error pointed out in the last instruction considered, the judgment below is REVERSED.