# WHEELING.

## BOGGS *v.* SLACK & GREENBRIER GROCERY CO.

Submitted January 20, 1903.     Decided June 6, 1903.

1.    DECLARATION—*Demurrer.*

     W. H. B. filed his declaration against N. H. S. & G. G. Co., for damages, alleging that defendant, N. H. S., by threatening to have R., the son of the plaintiff, arrested for a felony and have him sent to the penitentiary forced and induced plaintiff to release the levy of an execution on certain property of said R., who was plaintiff's execution debtor and turn the property so released over to defendants, who took possession thereof; but failed to allege in the declaration on what felonious charge defendant S. claimed the said R. could be so arrested or prosecuted, and that R. was innocent of such charge. *Held*: Declaration bad on demurrer for want of such allegation. (p. 537).

Appeal from Circuit Court, Greenbrier County.

Action by W. H. Boggs, against the Greenbrier Gocery Company & N. H. Slack. Judgment for defendant, and plaintiff appeals.

*Reversed and Remanded.*

JOHN W. ARBUCKLE, for defendant in error.

WILLIAMS & DICE, for plaintiffs in error.

MCWHORTER, PRESIDENT:

William H. Boggs instituted in the circuit court of Greenbrier County, his action at law against the Greenbrier Grocery Co., a corporation, and N. H. Slack. In the declaration as well as the summons it is called an action in trespass on the case. It contains allegations in slander but it sufficiently appears from the whole declaration together that it is an action to recover damages against the defendants named, for forcing the defendant to release certain property from levy levied upon by virtue of an execution issued upon a judgment in favor of the plaintiff against one R. H. Boggs, who was the son of the plaintiff, in order that the defendants might take possession of the property so levied upon, which they did, the plaintiff being induced to so release his levy by threats made by the said Slack. The defendants representing to plaintiff that his son, the said R. H. Boggs, was indebted to them to the amount of several hundred dollars and that unless plaintiff would go security for the said R. H. Boggs for the said indebtedness and would release the said lien and levy and surrender the said property to the defendants that said defendant Slack would have said R. H. Boggs immediately arrested for felony and sent right away to the penitentiary and imprisoned therein and would make plaintiff sign a bigger bond to get R. H. Boggs released; that they had plenty by which they could have said R. H. Boggs arrested and sent to the penitentiary, and that by reason of said threats the plaintiff became and was much distressed and disturbed in mind, and being ignorant, inexperienced and unadvised was so scared, excited and frightened and was by reason of said threats overcome, impelled and unlawfully forced to release said property from said lien and levy and surrender the

same to defendants and directed the officer to return the execution to the justice and said defendants immediately took possession of said property without legal process and took and carried the same away and converted it to their own use. While the declaration seems to be partly a declaration in slander with some indications of a declaration in trover and conversion, yet this may be very properly treated as surplussage and enough can be gathered from the allegations to predicate the same upon the plaintiff being forced and induced by the threats of said Slack to release his lien and permit the property to go into the hands of the defendants; but the allegations of such threats are insufficient in that they fail to allege any specific charges against the said R. H. Boggs which would constitute a criminal act for which the said Boggs could be prosecuted. A threat of arrest for which there is no ground does not constitute duress as the party could not be put in fear thereby; *Knapp* v. *Hyde,* 60 Barb. 80. "A threat of imprisonment is not duress unless the imprisonment would be unlawful." Hammon on Contracts, section 135, page 193, and cases there cited; and at bottom of same page "A threat of imprisonment for an offence of which the person threatened is innocent, is as to him a threat of unlawful imprisonment, even though the person making the threat believes the other guilty." *Giddings* v. *Bank,* 104 Ia. 676. In quite all the very many authorities I have examined on this subject the threat complained of was made with reference to specific charges, thus informing the person threatened of the ground of the threat. Wharton's Prec. of Ind. and Pleas, page 378. As far as the declaration shows in case at bar, there was no intimation accompanying the threat of any specified charges or that any particular crime had been committed for which the said R. H. Boggs could be arrested or prosecuted. The declaration should allege in connection with the threat, the charges upon which the defendant threatened the arrest and further that the person threatened to be so prosecuted was innocent of said charge. The declaration being bad on demurrer the judgment of the circuit court must be reversed, the verdict set aside and the cause remanded to the circuit court with leave to plaintiff to amend his declaration, if so advised.

*Reversed and Remanded.*