## SMITH *v.* SMITH *et al.*

1. Where an action was brought by a wife against her grantees, to recover a certain house and lot which had been conveyed to her by her husband a very short time previously, on the ground that the deed was executed by the wife under duress and while charges of criminal prosecution against the husband were being discussed, but were not pending, and the defendants' answer was based on the ground that the husband was insolvent at the time of the conveyance to the wife, and that the deed from the husband to the wife was executed in order to defraud the creditors of the insolvent husband, among whom were the defendants, and that the deed from the wife to the defendants was freely and voluntarily made in settlement of the husband's indebtedness to the defendants as creditors of the husband; and where the plaintiff as a witness detailed a conversation between herself, her husband, and the defendants, leading up to the making of the deed by her to the defendants, giving her version of the conversation, it was competent for one of the defendants to testify, giving his version of the conversation between the witness and the plaintiff and her husband in reference to the making of the deed.

2. The charge requested, as outlined in the second division of the opinion, was properly refused, as there was no evidence on which to base it.

3. The verdict was supported by the evidence, and the court did not err in refusing a new trial.

AUGUST 14, 1915.

Complaint for land. Before Judge Sheppard. Tattnall superior court. May 23, 1914.

*H. H. Elders* and *Way & Burkhalter,* for plaintiff.

*J. P. Moore, P. M. Anderson,* and *Hines & Jordan,* for defendants.

HILL, J. 1. The first headnote requires no elaboration.

2. Complaint is made because the court failed and refused to charge the jury, as requested by the plaintiff's counsel, that if the deed from the plaintiff to the defendants, conveying the property in question, was made by the plaintiff for the purpose of settling or suppressing a prosecution, or procuring a settlement or suppression of a prosecution or threatened prosecution against her husband for an alleged criminal offense, then the consideration of the deed would be an illegal and immoral one, and her deed made to the defendants would be void. The court did not err in refusing this instruction to the jury. Under a proper construction of the evidence in this case, there was nothing on which to base the charge. It is true that the plaintiff testified in general terms that the deed "was made about the criminal prosecution, to stop the prosecution." But there was no prosecution of her husband on the part of the defendants, so far as the evidence discloses, and no threatened prosecution on their part. On the contrary, the plaintiff testified that one of the defendants, who was a brother of plaintiff's husband, told her, "No matter what it costs us, we are going to see Jim [plaintiff's husband] out of trouble if it takes every dollar we have;" and "he went on to say that Mr. Faircloth [one of the creditors of plaintiff's husband] is in Claxton, and he says 'he is going to take your home anyway;' and I asked him how could he take it, and he said he didn't know how; and he said, 'You make a deed over to me and the boys,' and says, 'We intend to see Jim out of this trouble, no matter what happens,' and he says, 'If you make a deed over to us to your place, at the proper time we will dispose of it and it will be applied in this direction.' They have never done that. He said the banks were threatening to prosecute Jim for alleged violation of the State banking laws. He said they would help Jim out in that, said that was what he wanted the home for. Claude didn't want me to make him a deed, because of the fact that they were indorsers on some notes for Jim; he wanted it to stop this threatened prosecution, was what he told me. None of the defendants paid me anything as a consideration for the deed. Claude also told me that if this threatened prosecution couldn't be stopped, that they would return my home back to me. That was before I signed the deed. The prosecution was not stopped; it went on; and they haven't returned the property or its proceeds to

me. I never did receive any consideration for it. My husband was present during that conversation. As to the notes they were indorsers on, I didn't owe any of that debt, didn't have anything to do with it." The defendants' testimony tended to show that they had indorsed and had to pay notes of Jim B. Smith, plaintiff's husband, in the sum of $2,000, and that the deed was executed by plaintiff to defendants to secure them against liability as indorsers on those notes; that Jim B. Smith was insolvent at the time he executed the deed to his wife, at which time the defendants were creditors of Jim B. Smith; and that the wife paid nothing to the husband for the property in controversy.

This case differs from the case of *Southern Express Co.* v. *Duffey,* 48 *Ga.* 358. There a mother made a deed to procure the release of her son from arrest on a charge of felony. The son was under arrest and in chains, and the grantee in the deed agreed to release the son and stop the proceedings, but he refused to settle the prosecution because he said he could not control the public authorities. The son was released and the proceedings were stopped. It was held that the deed was void in that case. The court, speaking through Judge McCay, said: "If this arrest was illegal, if the agents of the express company had this boy in their own custody, and could let him go or not at their pleasure, then this deed was the clear result of duress, since it was made to release the child of the grantor from illegal imprisonment. A man's child stands, under the law, in the same situation as himself in such cases." *Jordan* v. *Beecher,* 143 *Ga.* 143 (84 S. E. 549), was a case where a criminal warrant was issued, the principal object of which was to collect a debt due to a corporation, and the magistrate issuing the warrant was president of the corporation, and the defendant was arrested and imprisoned under the warrant. It was held that a conveyance of property by the person imprisoned, who had procured a deed from his wife, in order to secure his release, was void. In the instant case, the brothers of the plaintiff's husband, who were the defendants, did not take out a warrant for plaintiff's husband or threaten to do so, but, on the contrary, showed their purpose of helping him by settling with his creditors and thus preventing his prosecution. Both were creditors; and a debtor has a right to prefer one creditor to another. The plaintiff and her husband preferred the defendants. There is evidence tending to show

that the debtor, Jim B. Smith, was insolvent at the time he executed the deed to his wife, and that the deed was made to defeat his creditors. This being so, the deed to the wife was void, and in a case like the present the law will not require a separate suit to cancel and set aside that deed and then subject the property, where the parties themselves have put the title where it properly belongs, in order to satisfy creditors with the proceeds of the property, which is subject to the creditors' claims.

3. The verdict was supported by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*