COLCLOUGH, administratrix, *v.* BANK OF PENFIELD *et al.*

HILL, J. 1. Where the fears or affections of a mother for her son are wrought upon by threats of a criminal prosecution of the son for an alleged violation of the criminal laws of this State, and the mother by reason of such threats is induced and coerced against her will to execute her promissory note and a deed to land to secure the same, in order to prevent such threatened prosecution, such threat is duress as to the mother in the execution of the note and deed, although the threatened prosecution be for a crime committed by the son; and such note and deed may be canceled at the instance of the maker. Where subsequently to the execution of the note and deed the mother died before filing proceedings for cancellation, and her daughter, a sister of the son charged with the criminal offense (embezzlement), was appointed administratrix upon the mother's estate, and she was deterred, by such duress on the part of the payee of the note and vendee of the deed, from setting up any defense to the sale of the land, she could under such circumstances maintain an action for the cancellation of the deed, recovery of the land, etc. In such a case as set out above, the rule, that if parties voluntarily enter into a contract to suppress a criminal prosecution they are in pari delicto and neither a court of law nor equity will interpose to give relief to either party, does not apply. Civil Code, §§ 4116, 4255; *Jordan* v. *Beecher*, 143 *Ga.* 143 (84 S. E. 549, L. R. A. 1915D, 1122); *Hodges* v. *Citizens Bank of Sylvania*, 146 *Ga.* 624 (92 S. E.

49); Williamson-Halsell-Frazier Co. *v.* Ackerman, 77 Kan. 502 (94 Pac. 807, 20 L. R. A. (N. S.) 484).

2. The other assignments of error are controlled by the ruling this day made in the case of *Colclough* v. *Bank of Penfield*, ante, 316.

*Judgment reversed. All the Justices concur, except Beck, P. J., and George, J., dissenting.*

No. 1581.  JUNE 19, 1920.

Description and counsel as in next preceding case.