12035.    FRESH *v.* WEINBERG.

JENKINS, P. J. This was a dispossessory proceeding in the municipal court of Atlanta. There was evidence supporting the plaintiff's contention that the defendant, as tenant of the rented property, entered into a valid agreement for a rescission of the contract of rental. The specific grounds of exception do not authorize setting the verdict aside.

The evidence set forth in the 3d ground of the petition for certiorari, as having been illegally admitted, appears to have been subsequently excluded by the court, and the jury were instructed in terms to disregard it. The general rule that such action is sufficient to cure the effect of the admission of irrelevant testimony would have application here; nor after its exclusion would the defendant be entitled (as insisted) to offer explanatory evidence along the same line as to matters altogether irrelevant. The rule that a party who first introduces irrelevant testimony should not be permitted to assign error on the admission of evidence from the adverse party as to the same matter (*Smith* v. *Smith*, 143 *Ga.* 837, 85 S. E. 1034) is not applicable here.

The remaining grounds as to the admission and rejection of testimony are without merit; and besides such a ground of a motion for a new trial which does not state the ground of objection to the admission of testimony, urged at the time of the trial, cannot properly be considered.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY 14, 1921.

Certiorari; from Fulton superior court — Judge Bell. October 23, 1920.

*F. E. Radensleben,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.